**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2870
_____

ESTATE OF BERNICE GOLDBERG
BY EXECUTOR GARY GOLDBERG,
                                                            Appellant

v.

PHILIP NIMOITYN, M.D., JOHN DOES 1-10; JANE DOES 1-10;
CORPORATE DOES 1-10; KENNETH ROSENBERG, M.D.;
MITUL KANZARIA, M.D.; MICHAEL BARAM, M.D.; JAY SELLERS, M.D.;
CARDIOVASCULAR MEDICAL ASSOCIATES; THOMAS JEFFERSON
UNIVERSITY HOSPITAL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-00980)
District Judge: Honorable Gerald A. McHugh

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 13, 2018

Before:  CHAGARES, VANASKIE, <u>Circuit</u> <u>Judges</u>, and BOLTON, <u>District</u> <u>Judge</u>*.

(Opinion Filed: May 10, 2018)
_____

OPINION†
_____

_____

* The Honorable Susan R. Bolton, Senior United States District Judge for the District of
Arizona, sitting by designation.
† This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

BOLTON, <u>District</u> <u>Judge</u>.

The Estate of Bernice Goldberg, by Executor, Gary Goldberg ("Appellant"), appeals from the district court's order denying its motion for a new trial after a jury trial and verdict in favor of Philip Nimoityn and Thomas Jefferson University Hospital (collectively "Appellees") on a medical negligence claim. For the reasons set forth below, we will affirm the district court's decision.

I.

Bernice Goldberg, an 80-year-old woman, was admitted to the hospital several times during the late spring and summer of 2011 due to myriad illnesses and conditions. Some admissions were for extended durations, with one lasting over a month. Ms. Goldberg suffered from chronic obstructive pulmonary disease ("COPD"), end-stage congestive heart failure, dementia, probable cancer,[1] and various acute illnesses, including a recurrent clostridium difficile infection. During a hospital admission in July, the attending physician diagnosed her with failure to thrive.

On August 11, 2011, Ms. Goldberg was admitted to Thomas Jefferson University Hospital. Upon admission, Ms. Goldberg had an elevated white blood cell count, was short of breath and required oxygen, and was experiencing loose bowel movements containing blood. Medical professionals attempted to place a nasogastric ("NG") feeding tube on August 15 but were unsuccessful. On August 16, the medical team consulted with

---

[1] During one of Ms. Goldberg's admissions, a scan revealed an abnormal mass in her pancreas that doctors thought was likely malignant. The family chose not to have the mass biopsied because they felt Ms. Goldberg would not be able to tolerate chemotherapy even if the mass were cancerous.

Gary Goldberg, Ms. Goldberg's son, regarding the placement of a percutaneous endoscopic gastronomy ("PEG") feeding tube, and the procedure was scheduled for the next morning. On August 17, however, Ms. Goldberg expressly refused placement of a PEG tube and promised her doctors she would eat. Her children requested that the PEG tube be placed despite her wishes, and the treating physician ordered a psychiatric consultation to determine whether Ms. Goldberg was competent to make her own medical decisions. The psychiatric evaluation took place on August 18, and the attending psychiatrist deemed Ms. Goldberg incompetent. Placement of the PEG tube was rescheduled for August 19. In the meantime, however, Ms. Goldberg's condition declined. She became hypoxic and developed aspiration pneumonia. Ms. Goldberg was transferred to the intensive care unit on August 19 and passed away on August 24, 2011. Appellant subsequently filed this medical negligence claim, claiming that Ms. Goldberg died prematurely due to an unjustified delay in placing her PEG tube.

Appellees' expert, E. Gary Lamsback, M.D., prepared a pretrial report in which he opined that the delay in placing Ms. Goldberg's feeding tube was appropriate. While preparing his report, however, he mistakenly assumed that a history and physical taken on August 19 was a continuation of the history and physical taken at admission, on August 11 and 12. He therefore cited Ms. Goldberg's aspiration pneumonia as a factor that made placement of a PEG tube too risky earlier in admission when, in fact, Ms. Goldberg was not diagnosed with aspiration pneumonia until August 19.

At trial, defense counsel showed him both history and physical reports and asked him whether they affected his report. Dr. Lamsback explained his mistake. Defense

counsel then asked if the report contained "a typographical error" because of the mistake. Appendix ("App.") at 42. Dr. Lamsback responded, "Yeah, but it didn't change my conclusions. . ." *Id.* Defense counsel then asked Dr. Lamsback to opine whether it was safe to place a PEG tube in Ms. Goldberg on August 12. Plaintiff's counsel objected and at sidebar indicated that he did not know what Dr. Lamsback's opinion would be because his report was based on the mistaken assumption that Ms. Goldberg had aspiration pneumonia on admission. Plaintiff's counsel also indicated he had struggled with whether to file a motion concerning this issue before trial. The district court allowed Dr. Lamsback to answer the question, and he opined that, even without aspiration pneumonia, a tube should not have been placed on August 12 due to Ms. Goldberg's infection and breathing problems. Plaintiff's counsel cross-examined Dr. Lamsback, who admitted that aspiration pneumonia was one of the factors that informed his original opinion in his report.

At the end of the trial, the jury returned a verdict in favor of Appellees. Appellant moved for a new trial arguing that Dr. Lamsback's opinion should not have been admitted because it was beyond the scope of his expert report. Appellant also sought a new trial arguing defense counsel suborned perjury by characterizing Dr. Lamsback's mistake as a typographical error and Dr. Lamsback committed perjury by agreeing with the characterization. The district court found that Dr. Lamsback's opinion—that placement of a PEG tube was inappropriate—was adequately expressed and disclosed in his report. The only difference in Dr. Lamsback's testimony at trial was that he conceded that one of the factual bases for his opinion was wrong. The district court also found that,

4

although characterizing the mistake as a typographical error was "disingenuous at best," it did not amount to perjury. App. at 7. The district court denied Appellant's motion, and Appellant timely appealed.

## II.

Appellant argues that the district court erred in failing to exclude Dr. Lamsback's testimony under Federal Rule of Civil Procedure 37(c) for failure to supplement Dr. Lamsback's report, failing to exclude Dr. Lamsback's testimony as beyond the scope of his expert report, and failing to grant a new trial based on the above failures and based on perjury and subornation of perjury. We have jurisdiction to review final orders of the district court. 28 U.S.C. § 1291.

In general, we review a district court's denial of a motion for a new trial for abuse of discretion. *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1095 (3d Cir. 1995). If the district court's denial "is based on application of a legal precept, our review is plenary and, in addition, any findings of fact on which the court's exercise of discretion depends are reviewed for clear error." *Id.*

Appellant's first two arguments are effectively the same—that the district court should have excluded Dr. Lamsback's testimony because his opinion on whether a PEG tube placement was appropriate in the absence of aspiration pneumonia was articulated for the first time at trial. We review a district court's decision to admit or exclude evidence based on a failure to comply with pre-trial requirements for abuse of discretion.[2]

---

[2] For purposes of this appeal, we assume, without finding, that Dr. Lamsback's report should have been supplemented before the trial to clarify the error.

*DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201 (3d Cir. 1978). Four factors aid us in this consideration: (1) "the prejudice or surprise in fact of the party against whom" the witness testified; (2) "the ability of that party to cure the prejudice"; (3) "the extent to which waiver of the rule against calling unlisted witnesses" disrupts "efficient trial of the case"; [3] and (4) the "bad faith or willfulness in failing to comply with the court's order." *Id*. at 1201–02.

Appellant knew about the mistake in Dr. Lamsback's report before trial. Plaintiff's counsel told the district court that he had struggled to decide whether to file a motion concerning the mistake before trial. Therefore, we cannot conclude that the district court erred in finding there was no surprise to Appellant. Furthermore, Appellant had the opportunity to cross-examine Dr. Lamsback and force him to admit that one of the major bases for his opinion that a PEG tube was contraindicated at admission was false. Therefore, the district court also did not err in finding that Appellant had the ability to cure any prejudice. Finally, Appellant fails to raise any argument as to why Appellees' failure to supplement Dr. Lamsback's report was in bad faith. Rather, Appellant simply argues that because Appellees had two years between the report's creation and trial, they must have willfully and in bad faith failed to supplement it. Given this dearth of factual allegations as to how Appellees acted in bad faith, the district court did not err in failing to find any bad faith. Since all relevant factors weigh in favor of admitting Dr.

---

[3] This factor is irrelevant because Dr. Lamsback was a listed witness.

Lamsback's opinion, the district court did not abuse its discretion in doing so or in denying Appellant's motion for a new trial on this basis.

Appellant also argues that the district court should have granted a new trial because defendants' counsel suborned perjury by characterizing the mistake in Dr. Lamsback's report as a "typographical error" and Dr. Lamsback committed perjury by agreeing with this characterization. A witness commits perjury if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). "We review for clear error a trial court's factual finding that a witness's testimony was not false and we will not disturb that finding unless it is wholly unsupported by the evidence." *United States v. Hoffecker*, 530 F.3d 137, 183 (3d Cir. 2008). The district court found that the characterization of Dr. Lamsback's mistake as a typographical error was not perjury because Dr. Lamsback frankly admitted during both direct and cross-examination that he had mistaken the dates of the history and physical reports and that Ms. Goldberg did not have aspiration pneumonia when she was admitted to the hospital. Given that the mischaracterization was suggested after Dr. Lamsback explained that his report contained a factual error and that he admitted the same on cross-examination, we conclude that there was no clear error in the district court's finding of no perjury. Therefore, it was not an abuse of discretion for the district court to deny a new trial on this ground.

**III**

For the foregoing reasons, we will affirm the district court's decision to deny Appellant's motion for a new trial.